# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| GLORIA FAJARDO, an individual,<br><br>　　　　　　　　Plaintiff,<br><br>　　v.<br><br>GENERAL MOTORS LLC, a Delaware Limited Liability Company; and DOES 1 through 10, inclusive,<br><br>　　　　　　　　Defendants. | Case No. 2:25-cv-08669-SPG-E<br><br>**ORDER DENYING MOTION TO REMAND CASE TO LOS ANGELES SUPERIOR COURT [ECF NO. 13]** |

　　Before the Court is the Motion to Remand (ECF No. 13 ("Motion")) filed by Plaintiff Gloria Fajardo ("Plaintiff"). The Court has read and considered the Motion and concluded that it is suitable for decision without oral argument. *See* Fed. R. Civ. P. 78(b); C.D. Cal. L.R. 7-15. Having considered the parties' submissions, the relevant law, and the record in this case, the Court DENIES the Motion.

**I.　BACKGROUND**

　　On or around March 7, 2021, Plaintiff purchased a 2021 Chevrolet Malibu, manufactured and sold by Defendant General Motors LLC ("Defendant"). (ECF No. 1-1 ("Compl.") ¶¶ 6, 9). When Plaintiff purchased the vehicle, she received express written warranties that provided, in the event a nonconformity developed during the warranty period, Plaintiff could deliver the vehicle to Defendant's authorized service facilities for

repair. (*Id.* ¶ 11). During the warranty period, the vehicle developed electrical, drive assist, and structure defects that impaired its use, value, and safety. (*Id.* ¶ 12). Plaintiff delivered the vehicle to Defendant, which failed to repair the vehicle after a reasonable number of opportunities to do so. (*Id.* ¶¶ 13–14). Plaintiff asserts that, in light of the nonconformities, she justifiably revoked acceptance of the vehicle and exercised her right to cancel the contract. (*Id.* ¶ 23).

Plaintiff brings claims under California's Song-Beverly Consumer Warranty Act ("Song-Beverly Act"), the federal Magnuson-Moss Warranty Act ("MMWA"), California's Uniform Commercial Code ("UCC"), and California's Consumer Legal Remedies Act ("CLRA"). *See* (*id.*). As relief, Plaintiff seeks actual damages, restitution, civil penalties, remedies authorized by California Commercial Code §§ 2711–2713, and attorney's fees. (*Id.* at 17).

Plaintiff initiated this action in Los Angeles County Superior Court on April 7, 2025. *See* (*id.*). Defendant filed an answer on July 3, 2025. (ECF No. 1-2). Defendant removed the action to this Court on September 12, 2025. (ECF No. 1 ("NOR")). Plaintiff filed the Motion on October 10, 2025. (Mot.) Defendant filed an opposition on October 28, 2025. (ECF No. 14 ("Opp.")). Plaintiff replied in support of the Motion on November 5, 2025. (ECF No. 16 ("Reply")).

## II.  LEGAL STANDARD

Federal courts are courts of limited jurisdiction, having subject-matter jurisdiction only over matters authorized by the Constitution and Congress. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). A defendant may remove a civil action filed in state court to federal court if the federal court would have had original jurisdiction over the suit. 28 U.S.C. § 1441(a). Federal courts have original jurisdiction where an action arises under federal law, 28 U.S.C. § 1331, or where each plaintiff's citizenship is diverse from each defendant's citizenship and the amount in controversy exceeds $75,000, exclusive of interest and costs, 28 U.S.C. § 1332(a).

Federal law sets forth two separate deadlines, which, if triggered, require a defendant to initiate removal within thirty days: (1) following service of an initial pleading that affirmatively reveals the basis for removal; or (2) if "the case stated by the initial pleading is not removable," following receipt of "an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(1), (3). The first thirty-day deadline "only applies if the case stated by the initial pleading is removable on its face," as determined "through examination of the four corners of the applicable pleadings, not through subjective knowledge or a duty to make further inquiry." *Harris v. Bankers Life & Cas. Co.*, 425 F.3d 689, 694 (9th Cir. 2005). The second deadline, meanwhile, is only triggered where "an amended pleading, motion, order, or other paper . . . [makes] a ground for removal unequivocally clear and certain." *Dietrich v. Boeing Co.*, 14 F.4th 1089, 1095 (9th Cir. 2021). A defendant may remove a case "outside the two thirty-day periods on the basis of its own information, provided that it has not run afoul of either of the thirty-day deadlines." *Roth v. CHA Hollywood Med. Ctr., L.P.*, 720 F.3d 1121, 1125 (9th Cir. 2013).

There is a "strong presumption" against removal jurisdiction, and "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (citation omitted). "The removal statute is strictly construed, and any doubt about the right of removal requires resolution in favor of remand." *Moore-Thomas v. Alaska Airlines, Inc.*, 553 F.3d 1241, 1244 (9th Cir. 2009). The removing party bears the burden of establishing federal subject-matter jurisdiction. *Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1195 (9th Cir. 1988).

### III. DISCUSSION

#### A. Timing of Removal

Plaintiff first asserts that Defendant's notice of removal was untimely. (Mot. at 9–10). According to Plaintiff, removability was clear on the face of the initial complaint because the complaint contained a claim under the MMWA, which is a federal cause of action. (*Id.* at 10). However, while the MMWA creates a federal cause of action, such

claims cannot serve as the basis for federal question jurisdiction unless the amount in controversy equals or exceeds "the sum or value of $50,000 (exclusive of interests and costs) computed on the basis of all claims to be determined" in the suit. 15 U.S.C. § 2310(d)(3)(B); *see Shoner v. Carrier Corp.*, 30 F.4th 1144, 1147 (9th Cir. 2022) ("Although the MMWA is a federal statute, federal courts do not have jurisdiction over an MMWA claim if the amount in controversy is less than $50,000."). Thus, Plaintiff must still show that the amount in controversy was evident from the face of the Complaint to trigger the thirty-day deadline.

Next, Plaintiff argues that the initial complaint contained sufficient allegations such that Defendant could plausibly allege satisfaction of the amount in controversy requirement. (Mot. at 11). Plaintiff cites to *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81 (2014), for the proposition that a notice of removal requires only plausible allegations that the threshold requirements are met. (*Id.* at 11–12). However, *Dart* set out the standard for a defendant's notice of removal, not the standard to trigger either of the thirty-day deadlines in § 1446(b). *See Kuxhausen v. BMW Fin. Servs. NA LLC*, 707 F.3d 1136, 1141 n.3 (9th Cir. 2013) ("[W]hether a defendant can establish that federal jurisdiction exists and the question of when the thirty-day time period begins are not two sides of the same coin."). As set forth above, the standard here is not whether the complaint contains sufficient allegations such that Defendant could plausibly allege federal jurisdiction, but whether "the case stated by the initial pleading is removable on its face." *Harris*, 425 F.3d at 694.

Plaintiff also argues that "Defendant had more than sufficient information at its disposal to provide a plausible allegation regarding the satisfaction of the jurisdictional threshold." (Mot. at 12). Specifically, Plaintiff points to allegations establishing the make, model, year, and VIN of the vehicle, which would allow Defendant "to ascertain an approximation" of the vehicle's market value. (*Id.*). Plaintiff also argues that the complaint lays out the specific forms of statutory relief sought, such that Defendant could calculate an approximate amount in controversy. (*Id.*). Plaintiff also suggests that, because the

-4-

complaint stated it was being brought under the state court's unlimited jurisdiction, Defendant knew that it sought damages of at least $35,000. (*Id.* at 12–13).

The Ninth Circuit has previously rejected such arguments. A defendant is required to examine only "the four corners of the applicable pleadings" and need not rely on "subjective knowledge or a duty to make further inquiry." *Harris*, 425 F.3d at 694. Even if Defendant had documents in its possession from which it could approximate the amount in controversy, it was not required to "rely on pre-complaint documents to ascertain whether a case stated by an indeterminate initial pleading is actually removable." *Carvalho v. Equifax Inf. Servs., LLC*, 629 F.3d 876, 886 (9th Cir. 2010). Thus, absent any specific allegations of the dollar value of the claims, bare allegations of the make and model of the vehicle and claims for broad categories of damages are insufficient to trigger the removal deadline. *See, e.g.*, *Alvarez-Munguia v. Ford Motor Co.*, No. 23-cv-02751-BLF, 2024 WL 69076, at *2 (N.D. Cal. Jan. 5, 2024) (concluding that complaint did not trigger thirty-day removal deadline because it alleged only categories of relief and did not identify any "specific measure of damages, nor [did] it allege the amount of attorneys' fees and costs incurred"); *Pastrana v. Nissan N. Am., Inc.*, No. 8:24-cv-00515-FWS-ADS, 2024 WL 2817533, at *2 (C.D. Cal. June 3, 2024) (concluding that thirty-day deadline was not triggered where "the Complaint does not list a dollar amount corresponding to the damages"). While it is true that the complaint's invocation of the state court's unlimited jurisdiction revealed that Plaintiff sought damages of at least $35,000, this information was not sufficient to show that that the complaint met the amount-in-controversy requirement for the MMWA or diversity jurisdiction. Plaintiff does not point to anywhere in the Complaint that affirmatively revealed the amount in controversy. Accordingly, the first thirty-day deadline in § 1446(b)(1) was not triggered.

Neither was the second thirty-day deadline triggered. In the Notice of Removal, as Plaintiff argues and Defendant acknowledges, Defendant does not cite to "an amended pleading, motion, order, or other paper" to trigger the deadline to remove in § 1446(b)(3). (NOR at 2); (Mot. at 13); (Opp. at 14). Instead, Defendant removed the action upon

learning, based on its own investigation, that it was in fact removable. (Opp. at 14). Though Plaintiff argues that Defendant has not identified facts, documents or evidence regarding the investigation, it has not pointed the Court to authority requiring such evidence, nor is the Court aware of such authority imposing that requirement. *See* (Mot. at 13–14). Thus, the second thirty-day deadline in § 1446(b)(3) was not triggered and does not bar removal. *See Roth*, 720 F.3d at 1123 ("[A] defendant who has not lost the right to remove because of a failure to timely file a notice of removal under § 1446(b)(1) or (b)(3) may remove to federal court when it discovers, based on its own investigation, that a case is removable."). Defendant could properly remove the case within one year of its commencement. *See* 28 U.S.C. § 1446(c).

### B. Amount in Controversy

Second, Plaintiff argues that Defendant has failed to carry its burden of establishing that the amount-in-controversy exceeds $50,000. (Mot. at 14–16). Where a plaintiff contests removal, the defendant bears the burden to "show the amount in controversy by a preponderance of the evidence," *Jauregui v. Roadrunner Transp. Servs., Inc.*, 28 F.4th 989, 994 (9th Cir. 2022), meaning that it is "more likely than not that the amount in controversy" exceeds the jurisdictional threshold, *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996) (internal quotation marks omitted). "The amount in controversy is simply an estimate of the total amount in dispute, not a prospective assessment of defendant's liability." *Lewis v. Verizon Commc'ns, Inc.*, 627 F.3d 395, 400 (9th Cir. 2010). As such, the defendant "need not present evidence of what its ultimate liability will be" and may rely on "a chain of reasoning that includes assumptions to calculate the amount in controversy." *Perez v. Rose Hills Co.*, 131 F.4th 804, 808 (9th Cir. 2025) (internal quotation marks and citation omitted).

#### 1. Actual Damages

The Court first finds that Defendant established the amount of actual damages sought in the Complaint. In the Notice of Removal, Defendant states that the purchase price of the subject vehicle was $46,789.24. (NOR at 5). Defendant estimates that the applicable

deductions under the Song-Beverly Act amount to $11,853.64, based on mileage offsets, third-party service contracts, the manufacturer's rebate, and negative equity. (*Id.*). Defendant also seeks to include both civil penalties and attorney's fees in the calculation of the amount-in-controversy. (*Id.* at 5-6). In its Motion, Plaintiff argues that the estimate of the vehicle's value is speculative, and that Defendant has ignored the statutory mileage offset. (Mot. at 14–15). Plaintiff also argues that Defendant cannot include civil penalties in the calculation because it has not shown that the violation of the Song-Beverly Act was willful. (*Id.* at 15). Further, Plaintiff argues that Defendant's assertion that attorney's fees to date are more than $5,000 is too speculative to establish jurisdiction. (*Id.* at 16).

Defendant's arguments, though insufficient to establish the amount in controversy, establish the amount of actual damages by a preponderance of the evidence. Defendant's estimate of the purchase price of the vehicle is based on the purchase agreement provided by Plaintiff, which shows that the total sale price was $31,997. (ECF No. 14-2 at 3). Defendant's counsel also explains the basis for calculating the statutory offsets, which are based on the 7,040 miles on the odometer and at least six instances of the vehicle being presented for repair. *See* (ECF No. 14-1 ("Salas Declaration") ¶ 3). Because Defendant's estimates of the purchase price and offsets are based on actual data about Plaintiff's vehicle, Defendant's "reasoning and underlying assumptions are reasonable." *Jauregui*, 28 F.4th at 993. Thus, the actual damages at issue in this case are approximately $38,275.02. As this is insufficient to meet the MMWA's $50,000.00 amount in controversy threshold the Court turns to whether possible civil penalties and attorney's fees should also be considered in determining the amount in controversy.

2.   Civil Penalties

The parties disagree whether the maximum civil penalty available under the Song-Beverly Act should be considered as part of the amount in controversy.

Several district courts in this Circuit have concluded that civil penalties are properly included in calculating the amount-in-controversy under the MMWA "when the plaintiff alleges that the defendant acted willfully and requests the full penalty in the complaint."

*Amavizca v. Nissan N. Am., Inc.*, No. 22-cv-02256-JAK-KK, 2023 WL 3020489, at *6 (C.D. Cal. Apr. 19, 2023) (citing cases); *e.g. Lazorosas v. Mercedes-Benz USA, LLC*, No. 8:24-cv-01161-JWH-DFM, 2025 WL 40483, at *2 (C.D. Cal. Jan. 7, 2025) ("Courts routinely include civil penalties when calculating the amount-in-controversy for Magnuson-Moss purposes."); *see also Brady v. Mercedes–Benz USA, Inc.*, 243 F.Supp.2d 1004, 1009 (N.D. Cal. 2002) (holding that Song–Beverly Act's civil penalties should be included in amount in controversy requirement for diversity jurisdiction).

Where, as here, Plaintiff alleges that Defendant acted willfully and seeks "a civil penalty in the amount of two times Plaintiff's actual damages pursuant to Civil Code section 1794(c)," (Compl. ¶¶ 17, 24, 28, *Prayer*), the civil penalty in the amount of two times the estimated actual damages is appropriate to include as part of the amount in controversy. This brings the total damages to $114,825.06, which is sufficient to meet the amount in controversy jurisdictional threshold. As such, the Court does not need to decide whether the amount of anticipated attorney's fees is adequately supported.[1]

Plaintiff attempts to exclude civil penalties in the calculation by imposing an evidentiary burden on Defendant, arguing that Defendant is required to provide evidence of willfulness to support an award of civil damages. (Mot. at 15–16). However, courts in this district have rejected that exact argument, recognizing that "[i]t would be absurd to suggest a defendant must offer evidence showing it willfully failed to comply with the Song-Beverly Act." *Brooks v. Ford Motor Co.*, No. 20-cv-302-DSF-KK, 2020 WL 2731830, at *2 (C.D. Cal. May 26, 2020); *Solis v. Nissan N. Am. Inc.*, No. 24-cv-00728-MWF-E, 2024 WL 1311275, at *4 (C.D. Cal. Mar. 27, 2024) (same). Defendant is not required to prove the case against itself. That Plaintiff alleged Defendant acted willfully and sought civil penalties as a remedy in the Complaint permits the Court to include the civil penalty in the amount in controversy calculation.

---

[1] The Court notes, however, that the Ninth Circuit has made clear that attorney's fees "may be included in the amount in controversy" under the MMWA where, as here, they are available under state law. *Shoner*, 30 F.4th at 1148; *see* Cal. Civ. Code § 1794(e)(1).

## IV. CONCLUSION

For the foregoing reasons, the Court DENIES the Motion to Remand.

**IT IS SO ORDERED.**

DATED: December 17, 2025

HON. SHERILYN PEACE GARNETT
UNITED STATES DISTRICT JUDGE